# In the United States Court of Federal Claims

No. 20-118C

(Filed: March 9, 2020)

**NOT FOR PUBLICATION**

| | |
|---|---|
| SHAPAT NABAYA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) | Pro Se Complaint; Sua Sponte Dismissal for Want of Jurisdiction; RCFC 12(h)(3). |

## ORDER

The complaint of pro se plaintiff Shapat Nabaya, a prisoner incarcerated at the Federal Correctional Institution in Seagoville, Texas, is currently before the court. See ECF No. 1. Because the court lacks jurisdiction over the claims made in plaintiff's complaint, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.  Background

On January 30, 2020, plaintiff filed a complaint asserting Fourth and Fifth Amendment violations related to "discrimination in [his] criminal proceedings by Judge Mary Hannah Lauck" and seeking a "refund of [his] $24,000" allegedly paid in legal fees and $50,000 "for each year of [his] unjustified imprisonment." ECF No. 1 at 1. Plaintiff attached a variety of documents to his complaint, largely appearing to be complaints raised before the district court for the Eastern District of Virginia, including two criminal complaints, a claim of ownership for legal fees, a "claim of injury," two affidavits, and "statement of claim for which relief can be granted." See id.; ECF No. 1-1.

On February 26, 2020, the clerk's office received from plaintiff a "Declaration of Criminal Complaint" that appeared to be related to his request for the return of his legal

fees. No case number was included on that submission. Upon review, the clerk's office stated that there is no provision in the rules of this court for the filing this item. The matter was referred to the undersigned for a ruling.

II.     Legal Standards

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaints have been reviewed carefully to ascertain whether, given the most favorable reading, any of plaintiff's claims support jurisdiction in this court.

This court is one of limited jurisdiction. Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). "A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

III.    Analysis

The claims presented in plaintiff's complaint are, by their nature, related to his conviction and imprisonment. He seeks money damages as compensation for his imprisonment. There are at least two impediments to this court's exercise of jurisdiction over plaintiff's claims. First, for such a claim to fall within the jurisdiction of this court, it must be founded on a conviction for a federal crime. See 28 U.S.C. § 1495 (2012). Second, the conviction for a federal crime must have been reversed or set aside. See 28 U.S.C. § 2513 (2012). Plaintiff alleges in his complaint that he has been unjustly convicted, but does not allege that his conviction has been reversed or set aside. ECF No. 1 at 1. Without this necessary prerequisite to suit, an unjust conviction claim filed in this court must be dismissed for lack of jurisdiction. See, e.g., Salman v. United States, 69 Fed. Cl. 36, 39 (2005) (citations omitted).

To the extent that plaintiff intends to allege that the actions of Judge Lauck violated his constitutional rights, jurisdiction is likewise lacking in this forum. It is well settled that violations of a plaintiff's constitutional rights by a federal official do not fall within this court's jurisdiction. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997).

IV.     Conclusion

The court does not possess subject matter jurisdiction over this suit and this case must be dismissed.

Accordingly, the clerk's office is directed to **RETURN** plaintiff's February 26, 2020, submission, **UNFILED**, to plaintiff for the above stated defect. The clerk's office is further directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3). Finally, the clerk's office is directed to **REJECT** any future filings from plaintiff that are not in compliance with this court's rules.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge